**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

HALE CAMERMAN, individually
and on behalf of all others similarly situated,      **CLASS ACTION**

    *Plaintiff*,

vs.

AXISPOINT LLC, d/b/a                                 **JURY TRIAL DEMANDED**
AXIS AUTO PROTECTION,
a Missouri Corporation, and
SUNPATH LTD,
a Delaware Corporation,

    *Defendants*.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Hale Camerman (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Axispoint LLC, d/b/a Axis Auto Protection, ("Axis") Sunpath LTD, ("Sunpath") (Collectively "Defendants") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own

1

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010)

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

9. The Court has personal jurisdiction over Defendants because they conduct business in this state, markets their services within this state, and have availed themselves to the jurisdiction of the State of Florida by placing calls to Plaintiff and Class Members in and from this state.

## PARTIES

10. Plaintiff's domicile is in Broward County, Florida.

11. Defendant, Axispoint LLC, d/b/a Axis Auto Protection, is a Missouri Profit Corporation and citizen and registered in the state of Missouri, listing its principal address at 7519 Mexico Rd., St. Peters, Missouri, 63376.

12. Defendant Axis promotes, markets and sells vehicle service contracts by calling wireless phone users in violation of the TPCA.

13. Defendant, Sunpath LTD, is a Delaware Profit Corporation and citizen and registered in the state of Delaware, registered in the state of Massachusetts, and listing its principal address at 50 Braintree Hill Office Park, Suite 310, Braintree, MA 02184.

14. Defendant Sunpath claims that it offers consumers "premium vehicle service contracts that are easily understood by consumers and regarded as an essential compliment to their collision insurance".

15. Defendant Subpath authorizes selling agents, including Defendant Axis, to promote, market and sell its vehicle service contracts by calling wireless phone users in violation of the TPCA.

16. Defendants, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18. Defendant Axis is a citizen of the State of Missouri, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

19. At all times relevant Defendant Axis conducted business in the State of Florida and in Broward County, within this judicial district.

20. Defendant Sunpath is a citizen of the State of Delaware, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

21. At all times relevant Defendant Sunpath conducted business in the State of Florida and in Broward County, within this judicial district.

22. On October 22, 2020 at approximately 12:16 p.m., Plaintiff received a telephone call from Defendant Axis. Plaintiff was connected to a live agent who inquired about Plaintiff's "2013 Ford F-150", asked about the vehicle's mileage and condition and then transferred the call to another agent named Michelle who attempted to sell Plaintiff a vehicle service contract issued by Defendant Sunpath.

23. The telemarketing call was made to Plaintiff's 8791 Number, and within the time period that is relevant to this action.

24. Upon information and belief, Plaintiff has received multiple telephone calls from Axis to his 8791 Number within twelve months of October 22, 2020.

25. At no time did Plaintiff provide Plaintiff's cellular number to Defendants through any medium, nor did Plaintiff consent to receive such unsolicited calls.

26. Plaintiff has never signed-up for, and has never used, Defendants' services, and has never had any form of business relationship with Defendants.

27. Plaintiff is the subscriber and sole user of the 8791 Number and is financially responsible for phone service to the 8791 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendants.

28. Additionally, Plaintiff has been registered on the National Do Not Call Registry since April 14, 2011.

29. The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendants' business and services to Plaintiff as part of an overall telemarketing strategy.

30. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide Defendants or its agents prior express consent to receive calls, including unsolicited calls, to Plaintiff's cellular telephone, pursuant to 47 U.S.C.

32. The unsolicited calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

33. Defendants are and were aware that they are placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

34. Plaintiff was damaged by Defendants' call. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing Plaintiff to divert attention away from Plaintiff's work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from Plaintiff's personal activities, Plaintiff was forced to spend time investigating the source of the calls and who sent them to him.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **No Consent Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendants or anyone on Defendants' behalf, to said person's cellular telephone number, advertising Defendants'

> services, without the recipients prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and/or services; and (5) for whom Defendants claim (a) they did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff.

36. Excluded from the Class are: any Defendants, and any subsidiary or affiliate of that Defendants, and the directors, officers and employees of that Defendants or its subsidiaries or affiliates, and members of the federal judiciary.

37. This action has been brought and may properly be maintained as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

38. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendants' conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit

the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

39. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' calls and marketing records.

40. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

41. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using an automatic telephone dialing system;

   b. How Defendants obtained the numbers of Plaintiff and Class members;

   c. Whether Defendants engaged in telemarketing when they called which are the subject of this lawsuit;

   d. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

  e. Whether Defendants willfully or knowingly violated the TCPA or the rules prescribed under it;

  f. Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

  g. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendants' acts and conduct;

  h. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct; and

  i. Whether Plaintiff and the Class are entitled to any other relief.

  43. One or more questions or issues of law and/or fact regarding Defendants' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

  44. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

  45. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendants' vehicle service contracts, which Defendants placed or caused to be placed to Plaintiff and the members of the Class.

  46. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel,

who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

47.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

48.     **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants' ongoing

violations of the TCPA, and to order Defendants to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

49. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 48 of this Complaint as though fully stated herein.

50. It is a violation of the TCPA to make any call using an automatic telephone dialing system to a person without their prior express consent. 47 U.S.C. 227(b)(1)(A).

51. Upon information and belief, the calls that Defendants placed or caused to be placed to Plaintiff were placed by a system that is an automatic telephone dialing system because the system has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

52. Defendants – or third parties directed by Defendants – used an automatic telephone dialing system to place one or more calls to Plaintiff.

53. These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call any of these telephones.

54. Defendants have, therefore, violated Sec. 227(b)(1)(A) of the TCPA by initiating telephone calls using an automatic telephone dialing system of Plaintiff and the other members of the putative Class without their prior express consent.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. At all relevant times, Defendants knew or should have known that their conduct as alleged herein violated the TCPA.

58. Defendants knew that they did not have prior express consent to make these calls, and knew or should have known that their conduct was a violation of the TCPA.

59. Because Defendants knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using an automatic telephone dialing system, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

60. As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendants, as set forth in the Prayer for Relief below.

**COUNT II**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiff and the Do Not Call Registry Class**

62. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 48 of this Complaint as though fully stated herein.

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

65. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[2]. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

67. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

69. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendants, individually and jointly, as set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

a. WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the class, against Defendants for:

b. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

c. Statutory damages of $500 per call in violation of the TCPA;

d. Willful damages at $1,500 per call in violation of the TCPA;

e. Statutory damages of $500 per call in violation of the Do Not Call Registry;

f. Willful damages of $1,500 per call in violation of the Do Not Call Registry;

g. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

h. Reasonable attorney's fees and costs; and

i. Such further and other relief as this Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: April 28, 2021

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Manuel S. Hiraldo (FBN 030380)
E-mail: mhiraldo@hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713

*Counsel for Plaintiff*